IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In Re: ) | |
| ) | |
| EVAN JOSHUA SWIGART, ) | Case No. 05-49494 |
| ) | |
| Debtor. ) | |
| ) | |

# **MEMORANDUM OPINION**

The matter before the Court in this case is the objection by the trustee to the head of household exemption claimed by debtor Evan Joshua Swigart ("Debtor") pursuant to Mo. Rev. Stat. § 513.440. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157 (a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(B). Debtor asserts the head of household exemption based upon his contention that he pays the expenses for the maintenance of a household consisting of himself, his mother and his brother. Trustee contends that this group of individuals does not qualify as a family authorizing the Debtor to claim a head of household exemption and that Debtor has failed to demonstrate that he actually provides economic support for its members. The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For all the reasons set forth below, the Court concludes that while the Debtor, his mother and his brother would qualify as a "family" within the meaning of the Missouri head of household exemption statute, the evidence does not demonstrate that Debtor provided a level of economic support which justifies sustaining his claim of exemption.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed a voluntary petition commencing a case under Chapter 7 of the Bankruptcy Code in this Court on October 13, 2005. In Schedule I of the Schedules of Assets and Liabilities filed with the Court, the Debtor indicated that he is single with no children, but claimed his mother and brother as dependents. In an amended Schedule C, Debtor claims the Missouri head of household exemption in the amount of $1,250 pursuant to Mo. Rev. Stat. § 513.440.

At the hearing convened by the Court on the trustee's objection, the trustee introduced into evidence the Debtor's 2005 United States, Kansas and Missouri income tax returns.[1] The returns reflect that in each case, the Debtor selected the filing status "single" rather than "head of household" and claimed one exemption, for himself. Those returns also reflect that Debtor did not claim to have any dependents. In addition, the trustee introduced into evidence Debtor's Schedule J, the schedule of current expenditures, reflecting the Debtor's average monthly expenses. That schedule shows total expenses of $2,265.83, including rental or home mortgage expense of $450.00 a month, $300.00 a month for food and total utility expenses (including telephone) of $315.00.[2]

Debtor testified that at the time of the filing of the petition, he lived with his mother and brother in a home which he rented. His mother had a part-time job which, according to the Debtor, paid only enough to make the payment on the loan secured by her automobile. His brother, twenty years old, is unemployed and contributed nothing to the household's expenses. Debtor claims that he paid all the rent, utilities, groceries and other household items. This arrangement began sometime in the year 2003 and existed at the time of the filing of the petition, although it apparently terminated

---

[1] Trustee's Exhibit 1.

[2] Trustee's Exhibit 2.

2

sometime shortly thereafter. Debtor testified that sometime in November or December 2005, he and his mother and brother had a falling out and ceased living together. According to the Debtor, they are no longer on speaking terms.

Debtor asserted that he claimed his mother and brother as dependents on tax returns filed in previous years, but those returns were not introduced into evidence. Confronted on cross-examination with the fact that he had failed to claim either as a dependent in the year 2005, the year in which the petition was filed, he stated that he had not done so because they were no longer on speaking terms and he was concerned that they would file returns claiming themselves and that he might, as a result, have difficulty with the Internal Revenue Service. Debtor also testified that at the time of the filing, he owned another residence, since surrendered to the lienholder, in which his stepfather lived at the time. Debtor claims to have been making the mortgage payment on that residence as well. On cross-examination, Debtor also testified that the expenses shown on his Schedule J are, in most respects, combined expenses representing the maintenance of both households.

## II. DISCUSSION AND ANALYSIS

Section 522 of the Bankruptcy Code provides for exemptions which a debtor may claim from property of the estate, but provides each state with the opportunity to "opt out" of the federal exemption scheme and provide for its own exemptions. 11 U.S.C. § 522(b)(1). Missouri has "opted out" of the federal scheme, thus requiring a debtor to claim only those exemptions allowed under state law or federal non-bankruptcy law. Mo. Rev. Stat. § 513.427. Missouri statutes provide that each "head of a family" may exempt property of a value of $1,250, plus $350 for each of such person's unmarried dependent children. Mo. Rev. Stat. § 513.440. Exemption laws are enacted to

provide relief to the debtor and are to be liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000); *In re Turner*, 44 B.R. 118, 119 (Bankr. W.D. Mo. 1984). Notwithstanding this maxim of statutory construction, the facts in the case must satisfy the requirements of law for the court to sustain the claim of exemption. *In re Crippen*, 36 B.R. 7, 8 (Bankr. E.D. Mo. 1983). As the party objecting to the exemption, however, the trustee has the burden of proof that the exemption should not be allowed. Fed. R. Bankr. Proc. 4003(c).

### A. Whether the Debtor's Household is a "Family"

The Court must first determine whether the group of individuals living with the Debtor at the time of the filing of the petition constituted a "family" of which the Debtor can be "head" as those terms are used in Mo. Rev. Stat. § 513.440. The trustee contends that since Debtor is single with no children, he cannot be the head of a family. The Debtor argues that the group of persons living together in the household at the time of filing can be a family pursuant to Missouri law. The applicable statute contains no definition of the term "family". Generally speaking, in order to qualify for the exemption, the debtor must be supporting a household. *Murray v. Zuke*, 408 F.2d 483, 485-86 (8th Cir. 1969); *In re White*, 287 B.R. 232, 234 (Bankr. E.D. Mo. 2002); *In re Thorpe*, 251 B.R. 723, 724-25 (Bankr. W.D. Mo. 2000). This usually entails the support of a spouse and/or dependent children and means that a single person with no dependent children does not qualify for the exemption. *White*, 287 B.R. at 234; *Thorpe*, 251 B.R. at 724-25. This, however, begs the question whether a debtor supporting a household including other family members may claim the exemption.

Few Missouri cases interpret the phrase "head of a family." A review of those precedents indicates that they adopt a broad view of the concept of "family." Although many of these cases are

of ancient vintage, there is no reason to believe that they do not still represent Missouri law. In *In re Arnold*, 193 B.R. 897 (Bankr. W.D. Mo. 1996), a more recent case, the Court reviewed many of those precedents and concluded that the cases hold that relatives other than parents can assume the obligation of support and qualify as head of a family. *Arnold*, 193 B.R. at 901. In that case, the Court held that a debtor whose household consisted of himself, a new spouse and her three children, debtor's stepchildren, qualified to assert the head of family exemption. *Arnold*, 193 B.R. at 902. As the Court in *Arnold* concluded, a review of the older Missouri cases clearly demonstrates that one need not be a biological father of those in the household in order to be a head of family within the meaning of the Missouri exemption statute.

For example, in *Jarboe v. Jarboe*, 106 Mo. App. 459, 79 S.W. 1162 (Mo. App. KC 1904), the court held that an individual who furnished a home for himself, his mother, two minor brothers and an invalid sister and provided groceries and money for their support was the head of a family within the meaning of the garnishment statute. *Jarboe*, 79 S.W. at 1163. The court also noted that a family had been defined as "a collective body of persons who live in one house under one head or manager," and that a head of a family is "one who contracts, supervises and manages the affairs about the house, not necessarily a father or a husband." *Jarboe*, 79 S.W. at 1163; s*ee also e.g.*, *Duncan v. Frank*, 8 Mo. App. 286, 1880 WL 9582 (Mo. App. St. Louis 1880) ("there can be no doubt that one who, with his sister, keeps house for his younger brothers and sisters, thus partly contributing to their support, is the head of a family under the exemption laws, though neither a husband nor a father, and though the children be not wholly dependent upon him."); *Wade v. Jones*, 20 Mo. 75, 1854 WL 4645 (1854) (holding brother to be head of household consisting of himself, his widowed sister and her children and observing "it is not necessary that the relation of husband

and wife, or father and child, or mother and child, should exist in every case, to constitute a family. The man who controls, supervises and manages the affairs about the house, is the head of a family, . . ."). Thus, a household consisting of the Debtor, his mother and brother can qualify as a "family" within the meaning of the term as used in Mo. Rev. Stat. § 513.440.

B.  Whether the Debtor Qualifies as the "Head" of the Family

In order to qualify as the "head" of the family, the debtor must in fact be supporting the household. *Murray*, 408 F.2d at 486; *White*, 287 B.R. at 234. The determination is based primarily on economic considerations and the exemption is designed to contribute to the preservation of the family unit. *Crippen*, 36 B.R. at 9.

In this case, the evidence fails to demonstrate that Debtor provided the level of economic support to his mother and brother sufficient to constitute him the head of a family for purposes of the exemption statute. As noted, Debtor did not claim head of household status on his 2005 United States, State of Kansas or State of Missouri income tax returns, nor did he claim his mother and brother as dependents, despite the fact that it would have been to his economic advantage to do so. Debtor's explanation for this is unpersuasive. He testified that by the time he filed these returns, his relationship with is mother and brother had deteriorated to the point that he felt they might claim exemptions for themselves out of spite and create a problem with the IRS if he chose to make a similar claim. However, Debtor should have had no problem electing head of household status and claiming them as dependents, no matter what his mother and brother did, if he had the evidence to sustain his claim. Debtor's elections on his tax returns are thus inconsistent with his assertion that he acted in the capacity of head of the family. Although he asserts that he claimed his mother and brother as dependents on returns for previous tax years, he offered no support for that assertion. At

any rate, those returns would have minimal relevance given that the year 2005 is the relevant time period for the Court's determination.

Other factors undermine Debtor's claim that he qualifies as the head of the family. The expenses claimed on his amended Schedule J do not support the contention that he sustained a household that included two other people. For example, as the trustee points out, he claims to spend $300 per month on food. The Court doubts that this is sufficient to sustain a household of three persons. In fact, the IRS Collection Financial Standards, now mandated for use by the Courts in making the determination whether a Chapter 7 filing is an abuse, would authorize a household of three persons in the Debtor's monthly gross income bracket to spend $490 on food. Coincidentally, the comparable figure for a one-person household is $300.[3]

Finally, Debtor testified that very shortly after he filed the petition, the household dissolved, that is, the Debtor and his mother and brother had a falling out, ceased living together and are no longer on speaking terms. Under the circumstances, allowing the Debtor to claim a head of family exemption would hardly tend to preserve the family unit, the avowed purpose of the exemption. While the Court should assess the Debtor's entitlement to exemptions as of the date of the filing of the petition, the Court may consider events occurring after that date if they shed light on the situation that existed at the time of filing. The fact that the household disintegrated so quickly after the date of the filing undermines the credibility of the contention that it was a stable "family" of the kind that should qualify the Debtor to assert an exemption as its "head." Finally,

---

[3]The IRS Collection Financial Standards may be found at http://www.irs.gov/individuals. The National Standards, which include an allowance for food, provide that a three-person household with gross monthly income in the range of $2,500 - $3,333 may expend $490 per month. Schedule I of the Debtor's Schedules of Assets and Liabilities reflect his gross monthly income to be $3,250. The allowance for a one-person household in the same gross monthly income bracket is $300.

Debtor offered no evidence to establish that he managed the affairs of the household, another of the stated requirements for qualification as "head" of a family. *See Murray*, 408 F.2d at 486; *Jarboe*, 79 S.W. at 1163.

For all the reasons stated above, the Court sustains the trustee's objections to the Debtor's claim of exemption under Mo. Rev. Stat. § 513.440.

A separate order will be entered in accordance with Bankruptcy Rule 9021.

DATED:  March 15, 2006 /s/ Dennis R. Dow
HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE

Copies to:

Jerald Enslein
Joyce Kerber